IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JOHN F. WRIGHT, | : | Case No. 1:19-cv-819 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| JUDGE CHRISTINE N. FINLEY, | : | |
| Defendant. | : | |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant Judge Christine Finley's motion to dismiss (Doc. 4).

## FACTS

John Wright was indicted in the Lawrence County Court of Common Pleas for drug trafficking and possession. A jury convicted him and the trial court sentenced him to prison. Compl. at ¶ 9. He appealed. The Court of Appeals for the Fourth District reversed the convictions and remanded the case for a new trial. *State v. Wright*, 101 N.E.3d 496 (Ohio App. 4 Dist. 2017). His bond was set at $200,000 cash or surety, on the conditions of in-home GPS monitoring, no visitors, and strict home confinement. Compl. at ¶ 14. He posted bond and was released. The court set the case for trial. *Id.* at ¶ 15.

On the day of trial, during *voir dire*, Wright's attorney sought and obtained a mistrial. *Id.* at ¶ 16. Judge Christine Finley—a judge and chief administrative officer of the Lawrence County Court of Common Pleas—set a new trial date. She had Wright

1

execute a Participant Conditions Agreement, which required him to stay at his residence at all times unless he received permission otherwise. *Id.* at ¶ 16; Page ID 12. She further advised Wright that the "strict home confinement" part of his bond now included the conditions that he not be permitted to travel to his various medical appointments, except by ambulance, and that he could not travel to his attorney's office to prepare for the trial. *Id.* at ¶ 17.

Wright moved for permission to attend medical appointments without the use of an ambulance. The state was not opposed. But, as of the day Wright filed this federal lawsuit, the motion had not been ruled upon. *Id.* at ¶¶ 26-27. As for visits with his attorney, Judge Finley ruled that Wright could see his attorney in a holding cell at the courthouse, but could not prepare for trial at his attorney's office. *Id.* at ¶ 36.

Wright brought this federal lawsuit against Judge Finley in her administrative capacity. *Id.* at ¶ 6. In his view, Judge Finley imposed the bond conditions in retaliation for the mistrial. He claims the bond conditions denied him the effective assistance of counsel and access to medical care. He seeks an injunction against the enforcement of the Participant Conditions Agreement and the additional bond conditions, a declaration that the bond conditions were unconstitutional, and reasonable attorney fees.

## ANALYSIS

Judge Finley has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim.

### I. Jurisdiction.

The Court must address the Rule 12(b)(1) portion of the motion first. *Moir v.*

*Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a Rule 12(b)(1) motion, the plaintiff has the burden of proving jurisdiction to survive the motion and the Court has the power to resolve factual disputes." *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993).

A

Judge Finley argues that the reassignment of Wright's case to another judge and amendment of his bond conditions moot his claims for declaratory and injunctive relief.

"'Under Article III of the Constitution, our jurisdiction extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot.'" *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). The lack of a case or controversy under Article III means a lack of jurisdiction. *TCG Detroit v. City of Dearborn*, 206 F.3d 618, 622 (6th Cir. 2000); *In re Rosenfeld*, 535 B.R. 186, 190 (Bankr. E.D. Mich. 2015), *aff'd*, 558 B.R. 825 (E.D. Mich. 2016), *aff'd*, 698 F. App'x 300 (6th Cir. 2017) (federal courts generally lack subject-matter jurisdiction over moot claims).

In resolving this jurisdictional dispute, the Court may take judicial notice of a state court's docket. *See Lynch v. Leis*, 382 F.3d 642, 648 (6th Cir. 2004); *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969). According to the online docket of the Lawrence County Court of Common Pleas, the criminal case was reassigned to Judge Andrew Ballard on September 26, 2019 (the day this federal case was filed) and, in January 2020, Wright

3

entered a guilty plea and was sentenced.[1] As such, Wright's claims for declaratory and injunctive relief against Judge Finley, as to the bond conditions she imposed while his trial was pending before her, are now moot. *See Brandywine, Inc. v. City of Richmond, Kentucky*, 359 F.3d 830, 836 (6th Cir. 2004) (amendment of allegedly unconstitutional ordinance, without threat of its re-enactment, mooted claims for declaratory and injunctive relief). And, since mootness is jurisdictional, the Court has no power to adjudicate those issues. *See McPherson*, 119 F.3d at 458.

But it does not follow that this Court lacks jurisdiction over the rest of Wright's case. His complaint seeks reasonable attorney's fees. Compl. at Page ID 11. He also claims, in his opposition to the motion to dismiss, to be seeking nominal damages. (Doc. 5 at Page ID 46.) Nominal damages, however, appear nowhere in his prayer for relief and he has not sought to amend the complaint. Nevertheless, construing the pleadings in a light most favorable to Wright, "the existence of a damages claim ensures that this dispute is a live one and one over which Article III gives [this Court] continuing authority." *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 387 (6th Cir. 2005). *See also Deakins v. Monaghan*, 484 U.S. 193, 201-02 (1988) (the mootness of equitable claims did not moot claims for damages and attorney's fees); *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 898 (6th Cir. 2014) (a damages claim alone keeps a case alive).

Accordingly, Wright's claims for declaratory and injunctive relief are moot, but

---

[1] See case number 15cr000302 at
https://www.lawrenceclerk.com/eservices/search.page.3.2?x=ikrNf92PGLnFPdwBygUSbA;
https://www.lawrenceclerk.com/eservices/search.page.3.2?x=yJiQmUxVwykqDKCgTP6qb3WjrowAEL-sCRBdreYGD5msGjzujcWnBfm2tspNgMoSX5zur2b0PFJ6IgLy4Succw.

4

the Court retains jurisdiction to consider his claims for monetary relief.

B

Judge Finley also argues that this Court lacks subject-matter jurisdiction over this action under the *Rooker-Feldman* doctrine. But that narrow doctrine does not apply here.

Section 1257 of Title 28 gives the United States Supreme Court sole jurisdiction over appeals from state court decisions. By implication, that statute prohibits lower federal courts from hearing appeals from state court judgments. *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 892 (6th Cir. 2020). *Rooker-Feldman*, then, acts as a narrow defense to "efforts to evade Congress's decision to funnel all appeals from final state court decisions to the United States Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 406–07 (6th Cir. 2020) (Sutton, J., concurring). It bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Or, as the Sixth Circuit has put it, it "bars federal lawsuits that amount to covert appeals of state court judgments." *Van Hoven*, 947 F.3d at 892. The rule only applies when a state court renders a judgment after it "'investigate[s], declare[s], and enforce[s] liabilities' based on application of law to fact." *Id.* (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 479 (1983)).

Wright's federal case is not an attempt to reverse an actual judgment the state court rendered after it investigated, declared, and enforced a liability upon Wright. Indeed, it could not be, because Wright pleaded guilty before the state court could do any of those

5

things. Rather, Wright's case is, judged by the face of the complaint, a separate federal lawsuit alleging that his bond conditions deprived him of his constitutional rights. *Rooker-Feldman* does not deprive this Court of subject-matter jurisdiction.

## II. Failure to state a claim.

On to the Rule 12(b)(6) portion of Judge Finley's motion. "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). The Court accepts the complaint's factual allegations as true but is not bound to do the same for a complaint's legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the claim for relief must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint's factual content should allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* A complaint that lacks such plausibility warrants dismissal. *Id.*

Judge Finley advances several arguments but the Court will just address one: judicial immunity.

The Supreme Court has made clear that, like other forms of official immunity, judicial immunity is "immunity from suit, not just from ultimate assessment of money damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith or malice do not overcome judicial immunity. Rather, a party may overcome judicial immunity in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, that is, actions that do not fall within the judge's judicial capacity. Second, a

6

judge is not immune for actions that, even though they may be judicial in nature, are undertaken in the complete absence of all jurisdiction. *Id.* at 11-12. Neither of these circumstances applies in this case.

Here, we start with judicial capacity. Wright claims that Judge Finley should be enjoined from enforcing the Participant Conditions Agreement and that the additional bond conditions she imposed were unconstitutional. The relevant question here is not whether the "act itself" is judicial, but whether the *nature* of the act is judicial. *Id.* at 13. So, is setting bond conditions a function normally carried out by a judge? Yes, and Wright does not plausibly allege otherwise. In the case of the Participant Conditions Agreement, he signed the agreement himself. He does not allege that requiring his signature on such an agreement falls outside the realm of actions a judge normally carries out. As for the additional bond conditions, Wright does not allege that setting bond conditions is not a function normally carried out by a judge. But just to be sure, the nature of the act—setting bond conditions—was clearly within Judge Finley's judicial capacity. *E.g.*, Ohio Crim. R. 46(B) (vesting courts with capacity to impose financial and non-financial conditions of release); *Moore v. Delling*, No. 08-CV-12508, 2008 WL 4534194, at *4 (E.D. Mich. Oct. 3, 2008) (setting bail "falls squarely in the realm" of judicial duties).

Next, we turn to jurisdiction. The complaint alleges, to be sure, that Judge Finley imposed the bond conditions without having the jurisdiction to do so. Compl. at ¶ 22. But this is a legal conclusion that the Court need not accept as true, *Twombly*, 550 U.S. at 555, and more importantly, it is wrong. The Ohio Constitution provides that the "courts of common pleas and divisions thereof shall have such original jurisdiction over all

justiciable matters." Ohio Const. Article IV, Section 4. The Ohio Revised Code further vests, with limited exceptions, the courts of common pleas with "original jurisdiction of all crimes and offenses." R.C. § 2931.03. And Wright identifies no statute that removes that jurisdiction. *Ohio High Sch. Athletic Ass'n v. Ruehlman*, 157 Ohio St. 3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9. It should go without saying that imposing bond conditions is an inherent aspect of criminal cases. *E.g.*, Ohio Crim. R. 46(B). So the complaint fails to plausibly plead that Judge Finley acted in the complete absence of jurisdiction.

Wright offers no competing view of *Mireles*, but does make one attack on judicial immunity. He claims, relying on *Pulliam v. Allen*, 466 U.S. 522 (1984), that judicial immunity does not prohibit an award of attorney fees under 42 U.S.C. § 1983.

*Pulliam* issued two holdings: judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity, *id.* at 541-42, nor is it a bar to the award of attorney's fees under § 1988, *id.* at 544. The legislative landscape changed, however, when Congress amended § 1983. Courts have observed that the amendment of § 1983 "effectively overruled *Pulliam*." *Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016). *See also Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir. 2019) (1996 amendment of § 1983 abrogated *Pulliam*'s holding). Section 1983 now bars injunctive relief against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Thus, the statute generally prohibits suits for injunctive relief against judicial officers but provides exceptions for violations of

declaratory decrees or the unavailability of declaratory relief. To the extent *Pulliam*'s second holding (that judicial immunity does not foreclose suits for attorney's fees) has any life left, that holding is cabined to the types of suits provided for by amended § 1983 — that is, suits that allege the judge violated a declaratory decree or that declaratory relief was unavailable. But Wright has alleged no such thing. So *Pulliam* provides Wright no viability. *See Justice Network*, 931 F.3d at 763.

Because Judge Finley acted within her jurisdiction and judicial capacity, judicial immunity shields her from Wright's suit. *Mireles*, 502 U.S. at 11.

## CONCLUSION

For the reasons above, the Court **GRANTS** Judge Finley's motion to dismiss.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

9